# SUPERIOR COURT
### OF THE
# STATE OF DELAWARE

KATHLEEN M. MILLER
JUDGE

LEONARD L. WILLIAMS JUSTICE CENTER
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DELAWARE 19801
TELEPHONE (302) 255-0669

April 29, 2026

Charles A. McCauley III, Esq.
Bradley T. Meyer, Esq.
Offit Kurman, P.A.
222 Delaware Avenue, Suite 1105
Wilmington, DE 19801

Thomas A. Uebler, Esq.
Sarah P. Kaboly, Esq.
McCollom D'Emilio Smith Uebler, LLC
2751 Centerville Road, Suite 401
Wilmington, DE 19808

RE: *Biomedical Statistical Consulting LLC v. Cordio Medical Ltd.*
C.A. No.: N25C-11-280 KMM

Date submitted: March 16, 2026
Date Decided: April 29, 2026

Dear Counsel:

This letter decision resolves Cordio Medical LTD's ("Cordio") Motion to Dismiss Counts II through IV (the "Motion").[1]

## I.        *Factual Background*

### A.    *The Contract*

Biomedical Statistical Consulting LLC ("Biomedical") provides statistical consulting services and support to its clients.[2] Cordio is a medical technology company developing its HearO® system.[3]

---

[1] D.I. 9.
[2] Complaint (D.I. 1) ¶¶ 1, 10.
[3] *Id.* ¶¶ 2, 19.

The parties executed a Consulting Services Contract, effective as of March 12, 2025, (the "Contract").[4] The Contract provides that Biomedical was retained "to provide certain consulting services regarding statistics and statistical support, as requested by [Cordio] and/or pursuant to specific projects for which [Cardio] and [Biomedical] have executed a Work Order Addendum … ('*Services*')."[5]

The Contract called for Biomedical to be paid on an hourly rate or project-based fee, as stated in the Work Order Addendum.[6] Biomedical was required to invoice Cardio monthly and payment was due within thirty days.[7] Interest accrued on invoices not paid when due, "provided that any amounts in an invoice that are disputed in good faith within ten (10) days following receipt thereof shall not accrue interest for so long as they are disputed."[8]

The scope of the work, defined as "[c]onduct[ing] analyses as outlined in the Statistical Analysis Plan (SAP) for Cardio HearO system's performance," was described in the attached Statement of Work ("SOW"), titled "Estimate and Budget Report."[9] The contractual estimated budget was $146,300.[10]

---

[4] *Id.* ¶ 8.
[5] *Id.*, Ex. 1, § 1 (emphasis in original).
[6] *Id.*, Ex. 1, § 3.1.
[7] *Id.*, Ex. 1, § 3.2.
[8] *Id.*
[9] *Id.*, Ex. 1, SOW.
[10] *Id.*, Ex. 1, SOW at 4.

**B.**     *The Dispute*

Biomedical alleges that it performed services for Cordio pursuant to "written and verbal requests for Services beyond the enumerated tasks" identified in the SOW or Work Addenda.[11]   Biomedical timely invoiced Cordio, but it failed to pay invoices for September, October, and November 2025, totaling $276,802.65.[12] Biomedical further alleges that Cordio failed to object to the invoices within 10 days, and therefore, it waived any good faith objection to the invoices.

Biomedical asserts four claims: breach of contract (Count I), account stated (Count II), promissory estoppel (Count III), and unjust enrichment (Count IV).

## II.     *The Parties Contentions*

Cordio moved to dismiss Count II because it fails to state a claim for account stated.  Cordio moved to dismiss Counts II through IV, arguing that the claims are barred because a valid contract exists and Biomedical's relief, if any, is under the Contract.  To allow Biomedical to assert these additional claims, it argues, would impermissibly expand the scope of the parties' written agreement.

Biomedical responds that whether a valid contract exists, and the scope of such contract, are factual issues that cannot be decided at this stage of the case. Further, the additional Counts are necessary because Biomedical expects Cordio to

---

[11] *Id.* ¶ 13.
[12] *Id.* ¶ 16.

argue that the invoices in dispute were for services beyond those covered by the Contract.

### III. *Standard of Review*

On a motion to dismiss pursuant to Superior Court Civil Rule 12(b)(6), the governing pleading standard is reasonable conceivability.[13] Delaware courts afford a liberal construction to allegations in a complaint.[14] The court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in favor of the non-moving party.[15] The court, however, does not accept conclusory allegations that lack supporting factual allegations.[16] The court must "'deny the motion unless the plaintiff could not recover under any reasonably conceivable set of circumstances.'"[17]

### IV. *Discussion*

**A.** *The complaint fails to state a claim for account stated.*

To adequately plead an account stated claim, a plaintiff must allege "(1) an account existed between the parties; (2) the defendant stated or admitted to owing a specific sum on the account to the plaintiff; and (3) the defendant made this

---

[13] *Delaware Human & Civil Rights Comm'n v. Welch*, 2025 WL 2222967, at *4 (Del. Super. Aug. 5, 2025).
[14] *Surf's Up Legacy Partners, LLC v. Virgin Fest, LLC*, 2021 WL 117036, at *6 (Del. Super. Jan. 13, 2021).
[15] *Id.* at *5.
[16] *Id.* at *6.
[17] *Id.* (quoting *Cent. Mortg. Co. v. Morgan Stanley Mortg. Capital Holdings LLC*, 27 A.3d 531, 537 (Del. 2011)).

admission after the original account or debt was created."[18]  "A specific sum on the account" means "that an exact and definite balance [was] struck as to which both the creditor and debtor assent[ed]."[19]  "To survive a motion to dismiss, an account stated claim must establish 'that the purported account debtor expressly agreed to pay a certain sum at issue.'"[20]  Failure to object is insufficient.[21]  Account stated claims are disfavored in Delaware.[22]

Cordio argues that Count II must be dismissed because Biomedical has not alleged that Cordio expressly agreed to a specific sum (or any sum).  Biomedical counters that its allegation that it sent invoices to Cordio, who accepted the benefit of the services without objecting, is sufficient to infer that Cordio assented to the amount alleged.

Even construing all reasonable inferences in Biomedical's favor, the complaint fails to adequately allege that Cordio expressly agreed to a sum certain

---

[18] *Trust-Ed Solutions, LLC v. Gilbert LLP*, 2022 WL 16641902, at *8 (Del. Super. Nov. 3, 2022) (citations omitted).

[19] *Id.* (quoting *Outbox Sys., Inc. v. Trimble Inc.*, 2022 WL 3696773, at *7-8 (Del. Super. Aug. 24, 2022) (citation omitted)).

[20] *Trust-Ed Solutions*, 2022 WL 16641902, at *8; *Outbox Sys., Inc.*, 2022 WL 3696773, at *6 ("the common law doctrine and various treatises make clear that the defendant must make such admission *after* the original account or debt was created.") (emphasis in original); *Sparebank 1 SR-Bank ASA v. Wilhelm Maass GMBH*, 2019 WL 6033950, at *6 (Del. Super. Nov. 5, 2019) ("complaint must provide facts that the defendant stated or admitted to owing a specific sum on the account to the plaintiff.") (citation omitted).

[21] *Outbox Sys., Inc.*, 2022 WL 3696773, at *6 ("silence is not enough").

[22] *Trust-Ed Solutions*, 2022 WL 16641902, at *8.

after the invoices were delivered. Its failure to object is insufficient as a matter of law.

In an effort to save the claim, Biomedical further argues that the scope of the Contract is in dispute because Cordio disputes the meaning of Section 3.2. Biomedical asserts that because Cordio did not dispute the invoices within 10 days, under Section 3.2, it waived its right to object. It contends that this raises a factual dispute, which cannot be resolved on a motion to dismiss. Cordio responds that Section 3.2 merely adds interest to past due invoices; it does not waive any objection or defense.

Absent ambiguity, contract interpretation is a question of law.[23] A contract is ambiguous when the "provision in controversy is reasonably or fairly susceptible of different interpretations or may have two or more different meanings."[24] At the motion to dismiss stage, the court cannot choose between two reasonable interpretations.[25] The motion will be successful if the moving party's interpretation is the only reasonable reading.[26]

"Delaware adheres to the 'objective' theory of contracts, i.e. a contract's construction should be that which would be understood by an objective, reasonable

---

[23] *Magellan Pipeline Co, L.P. v. Suncor Energy (U.S.A.) Inc.*, 2026 WL 766429, at *9 (Del. Super. Feb. 26, 2026).
[24] *BitGo Holdings, Inc. v. Galaxy Digital Holdings, Ltd.*, 319 A.3d 310, 323 (Del. 2024) (internal quotations and citations omitted); *Diner v. Plume Design, Inc.*, __ A.3d ___, 2026 WL 607362, at *5 (Del. Super. Feb. 20, 2026).
[25] *Magellan Pipeline Co, L.P.*, 2026 WL 766429, at *9.
[26] *Id.*

third party."[27]  "The basic business relationship between parties must be understood to give sensible life to any contract."[28]

Section 3.2 provides if after Biomedical delivers an invoice to Cordio, and if not paid when due, it "will accrue interest at the maximum rate permitted by law" but "any amounts in an invoice that are disputed in good faith within ten (10) days … shall not accrue interest for so long as they are disputed."  Biomedical urges the Court to read this provision as requiring objections to be raised within 10 days, or they are forever barred.  Cordio argues that this provision merely adds interest to any past due invoice, except when there is a dispute raised within 10 days.  Under Cordio's interpretation, there is no contractual deadline by which it must raise objections and if it does so after the 10-day period, the invoices will still be subject to accrued interest.

A waiver is the voluntary relinquishment of a known right.[29]  There is nothing in Section 3.2 that suggests that Cordio is waiving its right to object to invoices.  These are sophisticated parties who entered into a commercial contract.  If the parties intended for Section 3.2 to set a deadline by which objections must be raised, they

---

[27] *Osborn ex rel. Osborn v. Kemp*, 991 A.2d 1153, 1159 (Del. 2010).
[28] *Chicago Bridge & Iron Co. N.V. v. Westinghouse Electric Co, LLC*, 166 A.3d 912, 927 (Del. 2017).
[29] *Jiggy Puzzles, LLC v. Steelhead Acquisition EE, Inc.*, 2026 WL 465112, at *19 (Del. Super. Feb. 18, 2026).

could have said so.  They did not.  Cordio's interpretation is the only reasonable reading of Section 3.2.

For these reasons, the complaint fails to state a claim for account stated and Count II must be ***DISMISSED***.

**B.**     ***Counts II-IV are barred by the existence of a valid contract.***

Cordio seeks to dismiss the non-contract claims—account stated, promissory estoppel,[30] and unjust enrichment[31]—because the parties' relationship is governed by a valid contract and these claims are therefore, impermissibly duplicative of Biomedical's breach of contract claim.  Biomedical counters that it pleads these claims in the alternative because Cordio contends that some of the services for which Biomedical seeks payment fall outside the parameters of the Contract.  Biomedical argues that at this stage of the proceedings, it cannot be determined that a valid contract covers all of the services, and therefore, these claims should not be dismissed.

Superior Court Civil Rule 8 permits a party to plead claims in the alternative, even if the claims are inconsistent.[32]  Thus, asserting a breach of contract claim will

---

[30] The elements of promissory estoppel are: "(i) a promise was made; (ii) it was the reasonable expectation of the promisor to induce action or forbearance on the part of the promisee; (iii) the promisee reasonably relied on the promise and took action to his detriment; and (iv) such promise is binding because injustice can be avoided only by enforcement of the promise." *SIGA Technologies, Inc. v. PharmAthene, Inc.*, 67 A.3d 330, 347 (Del. 2013).

[31] Unjust enrichment is "the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience." *Kuroda v. SPSJ Holdings LLC*, 971 A.2d 872, 891 (Del. Ch. 2009) (citation omitted).

[32] Super. Ct. Civ. R. 8(e)(1).

not necessarily bar quasi-contract claims. Alternative theories of recovery are permissible where the existence of the contract is in dispute.[33] When a valid contract governs the parties' relationship, however, alternative claims for recovery are barred.[34] Stated differently, if "the contract is the measure of [plaintiff's] right, there can be no recovery under an [alternative] theory independent of it."[35] The logic for this is Delaware's pro-contractarian policy, which respects the parties' right to self-order their agreements.[36] Therefore,

> if a contract covers the subject matter, the defendant's conduct either violates the contract or not. If the defendant did not violate the contract governing the subject of the dispute, then the plaintiff cannot attempt to hold the defendant responsible by softer doctrines, and thereby obtain a better bargain than he got during the contract negotiations.[37]

Here, a valid contract governs the parties' relationship. Biomedical agreed to provide Services "as requested" by Cordio or pursuant to Work Order Addenda.

---

[33] *Dillon Gage Incorporated of Dallas v. Umicore Precious Metals USA Inc.*, 2025 WL 3779149, at *3 (Del. Super. Dec. 30, 2025) ("a disputed contract opens the door to pleading such alternative claims").

[34] *Id.*

[35] *Wood v. Coastal States Gas Corp.*, 401 A.2d 932, 943 (Del. 1979); *SIGA Technologies, Inc.*, 67 A.3d at 347 ("Promissory estoppel does not apply, however, where a fully integrated, enforceable contract governs the promise at issue."); *Outbox Sys., Inc.*, 2022 WL 3696773, at *9 (dismissing account stated claim where Defendant did not move to dismiss breach of contract claim and nothing in pleadings "suggests any doubt as to the validity or enforceability of the express contract that controls"); *Kuroda*, 971 A.2d at 891-92 (dismissing unjust enrichment claim where it was "clear from the face of the complaint that plaintiff's relationship with the defendants is governed by an express contract").

[36] *Outbox Sys., Inc.*, 2022 WL 3696773, at *10.

[37] *Ameristar Casinos, Inc. v. Resorts Int'l Holdings, LLC*, 2010 WL 1875631, at *13 (Del. Ch. May 11, 2010).

While Cordio disputes the invoices, it does not dispute the Contract is valid and enforceable.[38]

Counts II through IV are based on Biomedical providing Services "consistent with the Parties' prior dealings," based on Cordio's verbal and written requests, for which Biomedical expected to be compensated. In each count, Biomedical seeks payment on the same invoices, for the same Services, at the same billing rate as its breach of contract claim.

Biomedical argues that *Chrysler Corp. v. Chaplake Holdings, Ltd.* confirms that its alternative theories are permissible where the claims are based on promises "in addition to" the existing contractual relationship. Biomedical's reliance is misplaced for two reasons. First, *Chrysler Corp.* is distinguishable. The Delaware Supreme Court found no error in the trial court allowing plaintiff's breach of contract and promissory estoppel claims to be submitted to the jury.[39] Plaintiff's primary claim was based on "the *purported existence* of an enforceable contract" and its alternative claim was based on promissory estoppel.[40] The jury found for defendant on the contract claim and for plaintiff on the promissory estoppel claim. Thus, the jury found no contract existed and recovery under promissory estoppel was

---

[38] Cordio has not yet answered the complaint. However, it represented to the Court, both in its brief and at oral argument, that it did not contest the validity of the Contract.

[39] 822 A.2d 1024 (Del. 2003).

[40] *Id.* at 1031 (emphasis added).

permissible because it applies where no contract was formed.[41]  Here, there is no dispute that a valid contract exists between Biomedical and Cordio.

Second, Biomedical does not allege that the alternative theories of recovery are based on promises unrelated to the subject of the Contract.[42]

If the disputed invoices/work is not covered by the Contract, Biomedical cannot use the alternative theories to obtain a benefit it did not obtain at the bargaining table.  Accordingly, the Motion is **GRANTED** and Counts II through IV are **DISMISSED**.

**IT IS SO ORDERED.**

*/s/Kathleen M. Miller*
Kathleen M. Miller, Judge

---

[41] *Id.*

[42] *See* Complaint, Count II, ¶ 28 (Biomedical provided "professional Services" to Cordio), ¶ 30 (Cordio "accepted and retained the benefit of [Biomedical's] Services); and Count III, ¶ 35 (Cordio promised [Biomedical] that it would provide compensation for the Services performed"); and Count IV, ¶ 43 (Biomedical "rendered Services for" Cordio).